cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robbye Ray Anderson,<br><br>           Petitioner,<br>v.<br><br>M. Martel, Warden, et. al.,<br><br>           Respondents. | Civil No.08cv1031 W (AJB)<br><br>Order Denying Motion For<br>Appointment Of Counsel<br>[Doc. No. 3] |

Petitioner, Robbye Ray Anderson, a state prisoner proceeding pro se, has filed a writ of habeas corpus under § 2254 challenging his July 27, 2006, conviction for possession of a narcotic and paraphernalia in San Diego Superior Court No. CD198047. Petitioner has filed a motion seeking the appointment of counsel in this case. For the reasons set forth below, Petitioner's Motion is DENIED.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McClesky v. Zant,* 499 U.S. 467, 495 (1991); *Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

1   The interests of justice require appointment of counsel when the court conducts an evidentiary
2 hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah v. Norris*, 18
3 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is
4 discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791
5 F.2d at 728; *Abbdullah*, 18 F.3d at 573. In the Ninth Circuit, "[i]ndigent state prisoners applying for
6 habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate
7 that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196;
8 *Knaubert*, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues
9 involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if
10 the petitioner has such limited education that he or she is incapable of presenting his or her claims.
11 *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). In making this inquiry, this Court is mindful of
12 the fact that "[t]he procedures employed by the federal courts are highly protective of a pro se peti-
13 tioner's rights. The district court is required to construe a pro se petition more liberally than it would
14 construe a petition drafted by counsel." *Knaubert*, 791 F.2d at 791 (citing *Haines v. Kerner*, 404 U.S.
15 519, 520 (1972) (holding pro se complaint to less stringent standard) (*per curiam*).

16   Petitioner argues that he is entitled to appointed counsel due to the seriousness of the matter and
17 the complex issues of law and fact. Petitioner also claims that he needs the assistance of counsel
18 because of his inability to investigate or obtain certain evidence and given the fact that he has filed
19 complaints with the District Court against prison officials.

20   Upon review, the Court finds that the issues presented in the habeas petition are not of sufficient
21 complexity to warrant the appointment of counsel. Petitioner's claim is straightforward. The petitioner is
22 attacking his conviction on the grounds that evidence of a prior conviction should not have been
23 admitted. From the face of the petition, it appears that the petitioner has a good grasp of this case and the
24 legal issues involved. The petitioner has adequately briefed his case to date, and there is no indication
25 that the petitioner does not fully comprehend the issues he presented in his petition. The petitioner has
26 demonstrated his ability to cite relevant authority in his moving papers. Under such circumstances the
27 court does not abuse its discretion in denying the petitioner's request for appointment of counsel. *See La*
28

*Mere v. Risley,* 827 F.2d 622, 626 (9th Cir. 1987). At this stage of the proceedings, the Court finds that the interests of justice do not require the appointment of counsel.

IT IS SO ORDERED.

DATED: June 23, 2008

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court