# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBYE RAY ANDERSON,<br><br>   Petitioner,<br>vs.<br>M. MARTEL, Warden, et al.,<br><br>   Respondents. | Civil No.   08cv1031-W (AJB)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

This Report and Recommendation is submitted to United States District Judge Thomas J. Whelan pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

## I.
## FEDERAL PROCEEDINGS

Robbye Ray Anderson (hereinafter "Petitioner"), is a state prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner challenges his San Diego County Superior Court convictions for furnishing, giving away or offering to sell cocaine base, possession of cocaine base for sale, and possession of drug paraphernalia, claiming that his federal constitutional rights were violated by the introduction of evidence that he had a prior conviction for selling cocaine to an undercover officer. (Pet. at 6.)

Respondent has filed an Answer to the Petition, accompanied by a Memorandum of Points and Authorities in support thereof, and has lodged portions of the state court record. (Doc. Nos. 14-15.) Respondent contends that habeas relief is unavailable because: (1) Petitioner does not present a cognizable federal claim as he alleges a violation of state law only; and (2) there is no clearly established federal law precluding the admission of such evidence. (Memorandum of Points and Authorities in Support of Answer ["Ans. Mem."] at 5-11.) Petitioner has filed a Traverse. (Doc. No. 17.)

## II.

## STATE PROCEEDINGS

In a three-count Information filed in the San Diego County Superior Court on April 28, 2006, Petitioner was charged with selling, furnishing or giving away, or offering to sell, furnish or give away, cocaine base in violation of Cal. Health and Safety Code section 11352(a) (count one); possession for sale of cocaine base in violation of Cal. Health and Safety Code section 11351.5 (count two); and possession of narcotics paraphernalia in violation of Cal. Health and Safety Code section 11364 (count three). (Lodgment No. 8, Clerk's Transcript ["CT"] at 1-4.) The Information also alleged that Petitioner had previously been convicted of the same offense, that he had previously been convicted of transporting a controlled substance, that he had a prior felony conviction for robbery which constituted a "strike" under California's Three Strikes law, and that on three occasions he had served prison terms and failed to remain free of another offense within five years of his release. (Id.)

On July 27, 2006, a jury found Petitioner guilty on all three counts. (CT 147-49.) Petitioner admitted the truth of the prior conviction allegations and was sentenced to ten years in state prison. (CT 151-57.)

Petitioner appealed his convictions to the California Court of Appeal, Fourth Appellate District, Division One, raising the same claim presented in his federal habeas Petition here. (Lodgment Nos. 5-7.) The appellate court, in an unpublished opinion, affirmed in all respects. (Lodgment No. 4, People v. Anderson, D049483, slip op. (Cal.Ct.App. Dec. 5, 2007).) Petitioner thereafter filed a petition for review in the state supreme court raising the same claim

presented here.  (Lodgment No. 2.)  That petition was denied with an order which stated: "The petition for review is denied."  (Lodgment No. 1.)

## II.

## UNDERLYING FACTS

The following statement of facts is taken from the appellate court opinion affirming Petitioner's convictions on direct review.  This Court gives deference to state court findings of fact and presumes them to be correct.  See Sumner v. Mata, 449 U.S. 539, 545-47 (1981) (stating that deference is owed to factual findings of both state trial and appellate courts).

On April 4, 2006, Officer Jose Chavez was working undercover in a buy/bust operation in downtown San Diego.  At about 10:15 p.m., Officer Chavez approached Anderson and asked if he had a "twenty," a street term for $20 worth of a controlled substance.  Anderson responded that he did have a twenty, but that he did not know Officer Chavez.  Officer Chavez told Anderson that he received that response a lot in this area and no one wanted to deal with him because they did not know him.  After this explanation, Anderson asked if Officer Chavez had a pipe.  Officer Chavez responded that he did, and showed Anderson a narcotics pipe hidden in the zipper area of his pants.  Anderson told Officer Chavez to follow him.

Officer Chavez followed Anderson to a parked Ford Explorer, where another man was sitting in the driver's seat.  Anderson sat in the passenger seat and invited Officer Chavez to sit in the back seat to smoke.  Officer Chavez refused, explaining that he was robbed the week before and was afraid this would occur again.  Anderson insisted he would not rob Officer Chavez, and again invited him into the vehicle to smoke.  Anderson then opened his hand to reveal a plastic baggy containing what Officer Chavez believed was approximately three grams of rock cocaine base.  Anderson put three small pieces of the cocaine in Officer Chavez's hand.  The amount given to Officer Chavez was not enough to constitute the requested "twenty."  Officer Chavez attempted to give Anderson a prerecorded $20 bill, and asked if Anderson was going to give him more cocaine after he smoked these three pieces.  Anderson told Officer Chavez he did not want the money and that he was giving the pieces to Officer Chavez to smoke.

Because Officer Chavez had no intention of actually smoking the drugs, he gave the bust signal to the other members of the buy/bust team.  Before the other officers arrived on the scene to make the arrest, Officer Chavez walked into the alcove of a building to pretend to smoke the substance.  Anderson got out of the vehicle to watch Officer Chavez and kept insisting that he smoke the cocaine.  Officer Dan Wilson, in uniform and a marked patrol car, arrived on the scene and observed Officer Chavez and Anderson in the alcove.  Officer Wilson arrested Anderson and searched him.  Officer Wilson found two narcotics pipes, one of which had been used, and $116 on Anderson's person.  The police also found narcotics pipes and .20 grams of cocaine base in a cigarette box in the Ford Explorer; this contraband was determined to belong to the man sitting in the driver's seat.

Officer Chavez opined that if he had smoked the substance Anderson gave him, Anderson would have believed he was not a police officer and would have

sold him the twenty as requested. The three pieces of substance handed to Officer Chavez were later tested and found to be cocaine base weighing .07 grams, a usable amount. The plastic baggy that Officer Chavez had observed in Anderson's hand containing approximately three grams of cocaine base was never found. Officer Chavez opined that the three pieces of cocaine handed to him by Anderson, as well as the cocaine he observed in the baggy, were possessed for sale, not personal use.

Anderson's theory of defense was that he never possessed the cocaine base and that he was the victim of a set-up by a "dirty cop." The defense elicited admissions from the prosecution's witnesses that the plastic baggy containing approximately three grams of cocaine base was never recovered, and the other members of the buy/bust team did not witness Officer Chavez receive the three pieces of cocaine base from Anderson.

Prior Offense

Over defense objection, the prosecution presented evidence of a prior offense committed by Anderson, also involving a buy/bust operation in downtown San Diego. On January 21, 2000, Officer Darin Ries was working undercover in downtown San Diego. Officer Ries made contact with Anderson and asked him if he was "serving," a street term meaning selling narcotics. In response, Anderson asked Officer Ries if he was a police officer. Officer Ries told Anderson that he had just gotten off the trolley and was told he could come to this location to get what he wanted. A female on the scene told Anderson that Officer Ries was not a police officer. After this female vouched for Officer Ries, Anderson handed him a piece of rock cocaine from a piece of paper containing several pieces of the substance. In exchange for the rock cocaine, Officer Ries handed Anderson a prerecorded $20 bill.

(Lodgment No. 4, People v. Anderson, No. D049483, slip op. at 2-4.)

## IV.

## **PETITIONER'S CLAIM**

Petitioner claims that the admission of evidence of his prior conviction for selling cocaine base to an undercover officer violated his federal Constitutional rights to due process, equal protection, a fair trial, to call witnesses and to present evidence. (Pet. at 6.)

## V.

## **DISCUSSION**

For the following reasons, the Court finds that Petitioner's claim does not merit habeas relief. The Court therefore recommends that judgment be entered denying the Petition.

**A.  Standard of Review.**

Title 28, United States Code, § 2254(a), sets forth the following scope of review:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in

> behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States</u>.

28 U.S.C.A. § 2254(a) (West 2006) (emphasis added).

Under 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (1)-(2) (West 2006).

A state court's decision may be "contrary to" clearly established Supreme Court precedent: (1) "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000). A state court decision may involve an "unreasonable application" of clearly established federal law, "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." <u>Id.</u> at 407. An unreasonable application may also be found, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." <u>Id.</u>

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. . . . Rather, that application must be objectively unreasonable." <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75-76 (2003) (internal quotation marks and citations omitted). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the United States Supreme] Court's decisions." <u>Williams</u>, 529 U.S. at 412.

Habeas relief is also available if the state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C.A. § 2254(d)(2) (West 2006). In order to satisfy this provision, Petitioner must demonstrate that the factual findings upon which the state court's adjudication of his claims rest, assuming they rest on a factual determination, are objectively unreasonable. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.      Petitioner is not entitled to habeas relief.**

Petitioner alleges that his federal Constitutional rights were violated by the admission of evidence of his prior conviction for selling cocaine base to an undercover officer. (Pet. at 6.) Petitioner presented this claim to the state supreme court in the petition for review. (Lodgment No. 2.)  The petition for review was summarily denied without citation of authority or a statement of reasoning. (Lodgment No. 1.) In Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991), the Court adopted a presumption which gives no effect to unexplained state court orders but "looks through" them to the last reasoned state court decision. In this case, the last reasoned decision with respect to Petitioner's claim is the appellate court opinion, which stated:

> Here, both the past and current offenses involved buy/bust operations in downtown San Diego during which Anderson took steps to assure himself that the person requesting drugs was not an officer, and then sold or started to sell cocaine to the officer. Anderson recognizes the high degree of similarity between the prior and current offenses. However, he asserts that intent to sell was of minimal relevance because his defense for the current offense was that he never possessed the cocaine and because he offered to stipulate that any possession was possession for sale. He argues that because the evidence was of minimal relevance to any disputed issues, the high degree of similarity between the offenses rendered the prior offense evidence more prejudicial than probative. We are not persuaded.
>
> Even though Anderson's defense was that he never possessed the cocaine, this did not remove the issue of intent to sell from the case. If the jury found he possessed the cocaine, the prosecutor had to prove that he intended to sell it to prevail on the count 2 charge of possession for sale. (See *People v. Waidla* (2000) 22 Cal.4th 690, 723 (defendant's not guilty plea puts all elements of the crime in dispute).) Because the sale was not actually consummated in the current incident and Anderson at one point declined the money offered by the officer, the jury could have found he was merely intending to give the cocaine away. Thus, notwithstanding the defense focus on the possession issue, intent to sell was subject to dispute and the prior offense evidence was relevant to prove this intent.
>
> Further, even though Anderson offered to stipulate to the intent to sell element in an effort to avoid admission of the evidence, the prior offense evidence was also relevant to show that he engaged in a common plan or scheme during both the current and prior offenses. The general rule is that the prosecution cannot

be compelled to accept a stipulation for purposes of rendering evidence irrelevant if the effect would be to deprive the prosecution's case of its persuasiveness and forcefulness, unless the evidence is more prejudicial than probative. (See *People v. Waidla, supra*, 22 Cal.4th at p. 723, fn. 5; *People v. Thornton* (2000) 85 Cal.App.4th 44, 49.)  Here, we need not decide if removal of the intent issue would have deprived the prosecution's case of its forcefulness because–given the existence of the common plan issue–the intent stipulation did not render the prior offense evidence irrelevant.  Anderson's theory regarding the current incident was that he never possessed the cocaine but he was framed by a rogue police officer.  Evidence showing that on a previous occasion he had engaged in a similar plan to possess and sell cocaine to a person in downtown San Diego supported an inference that he was not framed by the officer but had the same plan as charged in the current case, thus supporting the charges that he furnished or offered to sell the cocaine (count 1) and that he possessed the cocaine for sale (count 2).  In short, removal of the intent issue via a stipulation would not have removed the common plan issue supportive of the prosecution's case.  Accordingly, the prior offense evidence remained relevant regardless of the intent stipulation.

To support his argument that the trial court abused its discretion, Anderson cites *Old Chief v. U.S.* (1997) 519 U.S. 172.  He suggests that based on the reasoning of this case, the prosecution must accept a stipulation that makes prior offense evidence irrelevant in a case where there is a danger that the jury will be improperly influenced because there is such a high degree of similarity between the prior and current offenses.  *Old Chief* does not stand for such a broad proposition.  The court in *Old Chief* cited the general rule that the prosecution is not required to accept a stipulation when the stipulation would deprive the prosecution of the full evidentiary force of its case.  (*Id*. at pp. 186, 189.) The *Old Chief* court found the rule inapplicable in a case where the defendant offered to stipulate to the fact of his prior felony conviction for purposes of establishing the ex-felon element of a firearm possession charge, reasoning that the name and nature of his prior conviction were not necessary to prove, and did not add evidentiary force to, the current charges.  (*Id*. at pp. 186, 190-191.)  Although the court in *Old Chief* recognized that evidence regarding the nature of a prior conviction could carry a particular potential for prejudice when the prior conviction was highly similar to the current charges, the court's ultimate holding that the prior conviction evidence was more prejudicial than probative was premised on the lack of relevancy of the evidence regarding the nature of the prior conviction.  (Id. at pp. 185-186, 190-191.)  The court explicitly noted that if the prior conviction evidence had been relevant to prove such issues as intent or plan, the prosecution could seek its admission.  (*Id.* at p. 190.)  Here, the facts of the prior offense were probative on the issues of intent and common plan.  Moreover, unlike the situation in *Old Chief*, the intent stipulation did not render the prior offense evidence irrelevant, because the evidence remained probative on the issue of common plan.

The prior offense evidence–showing a common plan to possess and sell cocaine–had significant probative value to undermine Anderson's claim that he never possessed the cocaine.  Further, there was nothing inflammatory about the prior offense evidence that would cause the jury to judge the case based on extraneous matters.  Given the substantial probative value and nonprejudicial nature of the evidence on the common plan issue, the trial court did not abuse its discretion in declining to require the prosecution to accept the stipulation on intent and in admitting the evidence.

(Lodgment No. 4, People v. Anderson, No. D049483, slip op. at 7-10.)

In <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991), the defendant was convicted of second-degree murder in the killing of his infant daughter, and objected to the introduction of evidence of battered child syndrome, including evidence of previous injuries to the victim, arguing that the manner in which the jury was instructed allowed them to use the evidence as propensity evidence. <u>Id.</u> at 67. The Supreme Court first found that an inquiry into whether the evidence was "incorrectly admitted pursuant to California law . . . is no part of a federal court's habeas review of a state conviction." <u>Id.</u> The Court next found that the evidence was relevant to an issue at trial (intent), and stated that "nothing in the Due Process Clause of the Fourteenth Amendment requires the State to refrain from introducing relevant evidence simply because the defense chooses not to contest the point." <u>Id.</u> at 70. Finally, the Court recognized that a jury instruction can rise to the level of a federal due process violation if the instruction "so infected the entire trial that the resulting conviction violates due process." <u>Id.</u> at 72. The Court rejected the defendant's argument that the instruction at issue amounted to a "propensity" instruction, that is, one allowing the jury to base its decision in part upon the conclusion that the defendant had committed the prior acts and therefore had a propensity to commit that type of crime, finding there was no reasonable likelihood the jury used the instruction in that manner. <u>Id.</u> at 74-75. The Court then stated in a footnote that: "Because we need not reach the issue, we express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime." <u>Id.</u> at 75 n.5.

The Ninth Circuit has in the past interpreted the holding of <u>McGuire</u> as providing that a federal habeas petitioner can establish a federal due process violation by showing that a state court's improper evidentiary rulings regarding admissibility of evidence were so prejudicial that they rendered his trial fundamentally unfair. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 897 (9th Cir. 1996); <u>Jammal v. Van de Kamp</u>, 926 F.2d 918, 919 (9th Cir. 1991). Recently, in <u>Alberni v. McDaniel</u>, 458 F.3d 860 (9th Cir. 2006), the Ninth Circuit recognized that every circuit, in cases decided before AEDPA was enacted, has found that improper introduction of evidence may violate federal due process if it renders a trial fundamentally unfair. <u>Id.</u> at 865-66. However, the <u>Alberni</u> Court held that because the Supreme Court in <u>McGuire</u> specifically

reserved ruling on the issue regarding whether introduction of propensity evidence can give rise to a federal due process violation, and has denied certiorari at least four time on the issue since McGuire was decided, the right asserted "has not been clearly established by the Supreme Court, as required by AEDPA." Id. at 867.

Thus, to the extent Petitioner contends that the state courts erred in ruling the prior conviction was admissible under California law, such a claim is not cognizable on federal habeas. McGuire, 502 U.S. at 67. To the extent Petitioner alleges that introduction of the evidence was a violation of federal due process because it unfairly permitted the jury to find that he had a propensity to commit crimes similar to the ones with which he was charged, the state court's adjudication of the claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law. Alberni, 458 F.3d at 867; Williams, 529 U.S. at 405-07; Lockyer, 538 U.S. at 75-76.

To the extent Petitioner contends his trial was rendered fundamentally unfair due to the introduction of the evidence, the appellate court correctly found that it showed a common plan to possess and sell cocaine. Petitioner's defense at trial was that he was set up by the undercover police officer and that he never possessed the cocaine. As the appellate court found, evidence that he engaged in a similar plan or scheme to sell cocaine to an undercover officer was relevant to dispute Petitioner's claim that the drugs were planted on him. The appellate court also correctly found that Petitioner could not demonstrate a federal due process violation under Old Chief v. United States, 519 U.S. 172 (1997), based on his contention that the prosecution unfairly refused to stipulate that, if the jury found Petitioner possessed the cocaine, the possession was for sale. Even assuming that Old Chief, which involved weighing the probative value of evidence introduced in a federal trial against the prejudicial nature of the evidence pursuant to Federal Rule of Evidence 403, constitutes clearly established federal law for AEDPA purposes, it is inapplicable here. The Court in Old Chief dealt with the situation where the defendant's prior conviction was relevant to the charge of possession of a firearm by a felon by showing that the defendant was a felon, and the details of the prior conviction therefore did not add evidentiary force to the current charge. See id. at 186-92. Petitioner's prior conviction, on

the other hand, added evidentiary force to the charge of possession of cocaine, as well as the charge of possession of cocaine with intent to sell, because the prior conviction involved nearly the exact same conduct of selling cocaine to an undercover police officer.  The appellate court correctly found that it was therefore relevant not only to show a common plan or scheme, but to challenge Petitioner's contention that the drugs were planted on him.  Petitioner has failed to demonstrate that the introduction of the evidence was so prejudicial that it rendered his trial fundamentally unfair.  Ortiz-Sandoval, 81 F.3d at 897; Jammal, 926 F.2d at 919.

Accordingly, the Court finds that the adjudication of Petitioner's claim by the state court was neither contrary to, nor involved an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams, 529 U.S. at 405-07; Miller-El, 537 U.S. at 340; Lockyer, 538 U.S. at 75-76.  The Court therefore recommends denying habeas relief.[1]

## VI.

## **CONCLUSION AND RECOMMENDATION**

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying the Petition.

**IT IS ORDERED** that no later than April 20, 2009 any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than May 4, 2009 .  The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on

---

[1] Although not entirely clear, it appears as though Petitioner may be attempting to raise additional claims in the Traverse which were not presented in the Petition.  (See Traverse at 6-12.)  Petitioner was specifically instructed in this Court's June 23, 2008 Order that any Traverse filed by Petitioner: "shall not raise new grounds for relief that were not asserted in the Petition."  (See 6/23/08 Order [Doc. No. 6] at 2-3.)  The Court therefore declines to address any new claims presented in the Traverse.  See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (stating that court may ignore issue raised for first time in traverse when scope of traverse has been specifically limited by court order and petitioner ignores order to file a separate pleading indicating intent to raise claim).

appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: March 19, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court